UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIEL J. DIPERNA,

    Plaintiff,

v.                                                      Case No: 6:12-cv-687-Orl-36KRS

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.
_____/

# **ORDER**

This cause comes before the Court on the Report and Recommendation of Magistrate Judge Karla R. Spaulding (Doc. 204). In the Report and Recommendation, Magistrate Judge Spaulding recommended that the Court:

(1) grant in part and deny in part Plaintiff Daniel J. Diperna's Motion for Award of Attorney's Fees, Paralegal Fees, and Interest on Same (Doc. 182);

(2) order Defendant Geico General Insurance Company to pay Plaintiff Diperna $255,647.50 in attorneys' fees with prejudgment interest at the Florida statutory rate from the date of the Court's ruling on the Report and Recommendation;

(3) grant in part and deny in part Diperna's Renewed Motion for Award of Costs (Doc. 187);

(4) vacate the Bill of Costs (Doc. 177); and,

(5) order Defendant Geico General Insurance Company to pay costs in the total amount of $7,386.88, plus post-judgment interest thereon at the legal rate.

Plaintiff Diperna ("Diperna") accepted the Magistrate Judge's Report and Recommendation on the issues of attorneys' fees and costs amounts (Doc. 212). However, Diperna filed a specific

objection disputing the date of entitlement as to prejudgment interest on attorneys' fees (*Id*.). Defendant Geico General Insurance Company ("GEICO") has responded to the objection by requesting that this Court adopt the Report and Recommendation in its entirety or, in the alternative, find that the date of entitlement for attorneys' fees was fixed by the parties through agreement on October 12, 2015 (Doc. 213).  This matter is therefore ripe for review.

**I.    BACKGROUND**

This case arises from a lawsuit filed in Florida state court concerning injuries suffered by Diperna when a motor vehicle driven by Joseph R. Umberger collided with a motor vehicle driven by Diperna, resulting in serious bodily injury to Diperna (Doc. 2 at 2).  At the time of the collision, Umberger was insured by GEICO. *Id.*  The state court Circuit Judge entered a Final Judgment by consent in favor of Diperna against Umberger in the amount of $625,000.00 (Doc. 1, Ex. 1). Thereafter, Umberger assigned to Diperna his claim against GEICO for its bad faith failure to settle the Underlying Action (Doc. 2 at 6).

Diperna subsequently filed the present bad-faith claim in state court (Doc. 2).  GEICO timely removed the case to this Court pursuant to the Court's diversity jurisdiction (Doc. 1).  The case proceeded to a five-day jury trial.  On April 4, 2014, the jury found that GEICO acted in bad faith in failing to settle Diperna's claim against its insured (Doc. 134).  The Court entered an amended judgment in favor of Diperna in the amount of $732,060.83 and retained jurisdiction over issues related to attorneys' fees and costs (Doc. 155).  Thereafter, GEICO appealed (Doc. 151, 158).

On April 18, 2014, Diperna filed motions for attorneys' fees and costs related to work performed at the trial level (Doc. 142, 143), which the Magistrate Judge denied, without prejudice, pending resolution of GEICO's appeal (Doc. 152).  The Magistrate Judge also granted Diperna

2

leave to file renewed motions, if appropriate, within twenty days after the issuance of the mandate by the United States Court of Appeals for the Eleventh Circuit (Doc. 152).

The Eleventh Circuit affirmed the Court's judgment (Doc. 170). Diperna then filed renewed motions for attorneys' fees and costs (Doc. 171, 175). Upon conferral pursuant to Local Rule 3.01(g) on Diperna's Motion for Attorneys' fees filed on October 12, 2015, GEICO indicated that it did not object to Diperna's entitlement to such fees (Doc. 171 at ¶16). Diperna also filed his proposed bill of costs (Doc. 176). The Clerk taxed costs against GEICO on October 29, 2015 (Doc. 177). On that same day, GEICO represented that the parties wished to schedule a mediation in an effort to resolve, *inter alia*, their dispute over the amount of attorneys' fees and costs to which Diperna was entitled (Doc. 179 at 3). In light of that representation, the Magistrate Judge denied the renewed motions, but again afforded Diperna leave to re-file motions, if mediation failed to resolve the parties' disputes (Doc. 180).

Mediation ultimately proved unsuccessful, and on December 10, 2015, Diperna renewed his motion for attorneys' fees (Doc. 182). Thereafter, GEICO filed its response in opposition to that motion (Doc. 189). Diperna subsequently submitted a reply brief with the Court's leave (Doc. 196).

On December 10, 2015, Diperna also moved the Court to reduce the previously entered Bill of Costs to a judgment (Doc. 183). GEICO submitted objections to the Bill of Costs (Doc. 184) and Diperna submitted a response to those objections (Doc. 187). Diperna's response also purported to be a renewed motion for an award of costs (Doc. 187). The Magistrate Judge denied the motion (Doc. 186). The motions for attorneys' fees and costs related to work performed at the trial level in this Court are the subject of the Magistrate Judge's Report and Recommendation.

## II.   STANDARD OF REVIEW

### A.   Review of a Report and Recommendation

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). With regard to those portions of the Report and Recommendation not objected to, the district judge applies a clearly erroneous standard of review.  *See Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993).  The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge.  Fed. R. Civ. P. 72.  The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions.  *Id*.

## III.   DISCUSSION

### A.   Attorneys' Fees Related to Work Performed at the Trial Level

Diperna originally sought an award of $858,388.50 in attorney and paralegal fees (Doc. 182).  In the Report and Recommendation, the Magistrate Judge recommended that the Court award attorneys' fees in the total amount of $255,647.50 for work performed at the trial level. Diperna accepts the Magistrate Judge's recommendation as to the amount (Doc. 212 at 2).  Upon review, the Court finds no clear error in the Magistrate Judge's findings in regard to the qualifications of GEICO and Diperna's fee experts, the reasonable hourly rates for Diperna's attorneys and paralegal, the reasonable number of hours worked by Diperna's attorneys and paralegal, the calculation of the "lodestar" sum for each of Diperna's attorneys and paralegal, or the inapplicability of a contingency risk multiplier.  *Gropp v. United Airlines, Inc.*, 817 F. Supp.

at 1562 (holding that those portions of the Report and Recommendation not objected to are subject to a clearly erroneous standard of review).

Accordingly, the Court adopts the Magistrate Judge's recommendation and awards attorneys' fees in the total amount of $255,647.50 to Diperna.

### B.   Prejudgment Interest on Attorneys' Fees

Diperna specifically objects to the date that the Magistrate Judge concluded he was entitled to attorney's fees, for purposes of triggering prejudgment interest. In the Report and Recommendation, the Magistrate Judge cites *Quality Engineered Installation, Inc. v. Higley South, Inc.*, 670 So. 2d 929 (Fla. 1996) for the proposition that prejudgment interest on the award of attorneys' fees has not started to run because the issue of entitlement has not yet been determined. In *Higley*, the Florida Supreme Court held that the prejudgment interest on an award of attorneys' fees "accrues from the date the entitlement to attorney fees is fixed through agreement…or court determination, even though the amount of the award has not yet been determined." *Id*. at 930-31. Thus, the Magistrate Judge recommended that the prejudgment interest on attorneys' fees in this case run from the date of this Court's Order on the Report and Recommendation through the date that a second amended final judgment is issued to include the amount of attorneys' fees awarded. In reaching this conclusion, the Magistrate Judge noted, *inter alia*, that neither party had identified the date upon which Diperna became entitled to an award of attorneys' fees.

In his objection, Diperna contends that prejudgment interest should accrue from the date of the Amended Judgment, even if the amount of attorneys' fees had not yet been determined. Diperna further argues that his pending Motion seeks a determination as to the amount of fees to which he is entitled, as opposed to seeking a determination of his entitlement.  In its response to Diperna's objection, GEICO argues that the Court should adopt the Magistrate Judge's Report and

Recommendation. However, GEICO acknowledges that it did not object to Diperna's entitlement to attorney's fees upon conferral on Diperna's Motion for Attorney's Fees, filed on October 12, 2015. Therefore, GEICO argues that, to the extent the Court determines that entitlement to attorneys' fees was fixed through agreement, October 12, 2015 is the earliest date upon which prejudgment interest on such fees should begin to accrue.

After careful consideration of the Report and Recommendation, Diperna's objection and GEICO's response thereto, and *de novo* review of the record, the Court finds that Diperna's entitlement to attorneys' fees was fixed through agreement. Specifically, the record shows that Diperna's entitlement to attorneys' fees was fixed through agreement when GEICO advised Diperna that it did not object to his entitlement to attorneys' fees on October 12, 2015. *See* Doc. 171 ¶ 16. Attorneys' fees "accrue[] from the date the entitlement to attorney fees is fixed through agreement…, even though the amount of the award has not yet been determined." *Higley*, 670 So. 2d at 930-31. Thus, the Magistrate Judge's recommendation that prejudgment interest should run from the date of this Court's Order on the Report and Recommendation is rejected.

Accordingly, Diperna's entitlement to attorneys' fees was fixed by agreement and GEICO must pay Diperna $255,647.50 in attorneys' fees with prejudgment interest at the Florida statutory rate from October 12, 2015.

   **C.**  **Costs Related to Work Performed at the Trial Level**

Diperna's Bill of Costs sought recovery of $21,005.60 for costs related to work performed at the trial level (Doc. 177). GEICO does not dispute that Diperna, having prevailed at trial and on appeal, is entitled to an award of costs and to the assessment of post-judgment interest. It does, however, object to certain of the costs sought by Diperna, and seeks to have the overall award reduced to $5,185.66 (Doc. 184 at 14).

In the Report and Recommendation, the Magistrate Judge recommended that the Court deduct a total sum of $13,618.72 from the Bill of Costs and tax costs.  Thus, the Magistrate Judge recommended ordering GEICO to pay costs in the total amount of $7,386.88 plus post-judgment interest thereon at the legal rate.  Diperna accepted the Magistrate Judge's recommendation as to the amount (Doc. 212 at 2).  The Court finds no clear error in the Magistrate Judge's careful consideration of the various fees and expenses sought by Diperna and objected to by GEICO. *Gropp v. United Airlines, Inc.*, 817 F. Supp. at 1562 (holding that those portions of the Report and Recommendation not objected to are subject to a clearly erroneous standard of review).

Accordingly, the Court adopts the Magistrate Judge's recommendation as to Diperna's costs in the total amount of $7,386.88.

### IV.   CONCLUSION

For the reasons stated above, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff Daniel J. Diperna's Objection to the Report and Recommendation (Doc. 212) is **SUSTAINED**.

2. The Magistrate Judge's recommendation that Plaintiff Diperna be awarded prejudgment interest from the date of the Court's ruling on the Report and Recommendation is **rejected**, as discussed in Section III.B.  In all other respects, the Report and Recommendation is **adopted, confirmed, and approved**, and is made a part of this Order for all purposes, including appellate review.

3. Plaintiff Daniel J. Diperna's Motion for Award of Attorneys' Fees, Paralegal Fees, and Interest on Same (Doc. 182) is **GRANTED in part and DENIED in part**.

4. Plaintiff Daniel J. Diperna is **AWARDED** $255,647.50 in attorneys' fees with prejudgment interest at the Florida statutory rate from October 12, 2015.

5. Plaintiff Daniel J. Diperna's Renewed Motion for Award of Costs (Doc. 187) is **GRANTED in part and DENIED in part**.

6. The Bill of Costs (Doc. 177) is **VACATED**.

7. Plaintiff Daniel J. Diperna is **AWARDED** costs in the total amount of $7,386.88, plus post-judgment interest thereon at the legal rate.

8. The Clerk of Court is directed to enter a judgment, as to Attorneys' Fees and Costs, consistent with this Order.

**DONE AND ORDERED** in Tampa, Florida on August 4, 2016.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any
United States Magistrate Judge Karla R. Spaulding